UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ASHLEY BOYD,
CLAIRE BOYD

    Plaintiffs,

vs.

CARNIVAL CORPORATION., d/b/a
CARNIVAL CRUISE LINES, INC.,

    Defendant.
_____/

## COMPLAINT

COME NOW, the Plaintiffs, by and through undersigned counsel, and sue the Defendant, CARNIVAL CORPORATION., d/b/a CARNIVAL CRUISE LINES, INC. and further state as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiffs, ASHLEY BOYD and CLAIRE BOYD, are *sui juris*, and residents of the state of Louisiana.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. At all times material Defendant CARNIVAL CORPORATION does business under the fictitious name of CARNIVAL CRUISE LINES, INC. For jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C.

        1332, as alleged above, because there is complete diversity of citizenship between the parties and the amount of damages claimed for all Plaintiffs exceeds $75,000.00 in the aggregate which is the minimum jurisdictional amount required for diversity of jurisdiction cases. In addition, jurisdiction also exists pursuant to 28 U.S. C. 1333 because this is a maritime cause of action.

5. At all times material hereto, the Defendant has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, Defendant requires fare-paying passengers like Plaintiffs to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

## GENERAL ALLEGATIONS

9. Plaintiffs have complied with all conditions precedent to bringing this action.

10. Defendant owed Plaintiffs a duty of reasonable care in the circumstances.

11. On or about December 20, 2019, the Plaintiffs were injured aboard Defendant's cruise ship CARNIVAL GLORY as a result of the failure to safely navigate the CARNIVAL GLORY during a docking procedure at the Port of Cozumel, Mexico.

12. On the aforesaid date, Defendant owned and/or operated the CARNIVAL GLORY.

## COUNT ONE-NEGLIGENCE

13. Plaintiff reavers and realleges paragraphs One through Twelve as if set forth herein.

14. On the aforesaid date, the Plaintiffs were in their passenger cabin aboard CARNIVAL GLORY when the GLORY was set to dock at Cozumel.

15. Without any warning to passengers, the ship suffered a jolting or shuddering as a result of alliding with another Carnival vessel, the CARNIVAL LEGEND, that was stationary, not under way.

16. The Defendant failed to exercise reasonable care in the circumstances by failing to safely navigate the CARNIVAL GLORY and by failing to warn passengers like Plaintiffs of the impending allision between GLORY and LEGEND as well as the risks inherent in the docking procedure due to weather and sea conditions which were known to Defendant but unknown to Plaintiffs who were passengers on CARNIVAL GLORY.

17. Plaintiff ASHLEY BOYD was caused to slip and fall in the shower she was taking by the crash and was injured thereby.  Plaintiff CLAIRE BOYD who is elderly and disabled was also injured as a result of the allision.

18. On or about the aforesaid date, Plaintiffs suffered personal injury while they were aboard CARNIVAL GLORY by reason of an allision between two CARNIVAL ships.

19. Defendant has a duty to navigate its vessels safely and to warn passengers of dangers which they cannot appreciate through the exercise of reasonable care.

20. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

    a. Failing to properly and safely navigate the CARNIVAL GLORY, and/or;

    b.    Failing to safely and properly receive and/or review weather reports and sea conditions then prevailing at the port or expected to be prevailing at the port, and/or;

    c.    Failing to train and/or supervise the helmsman and other employees on the bridge of the vessel during a docking procedure, and/or;

    d.    Failing to follow its own policies and procedures regarding the safe and proper method of docking a vessel, and/or;

    e.    Failing to communicate and inform passengers like Plaintiffs of potential dangers of wind gusts and sea currents during the docking procedure, and/or;

    f.    Failing to properly train personnel in safe and proper docking procedures which accounts for the weather and sea conditions at a port, and/or;

21.    At all times material, the dangerous conditions existed for a sufficient period of time that Defendant had constructive and/or actual knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph twenty to have caused or contributed to causing Plaintiffs' injuries. Defendant knew of the prevailing weather and wind conditions and risks inherent in the docking maneuver and attributed the allision to a sudden wind gust and sea currents, but failed to communicate those concerns to passengers in advance, who could have taken precautions for their safety during the attempted docking procedure which takes very little time.

22.    As a result of the foregoing, the Plaintiffs were injured.

23.    At all times material hereto, the Plaintiffs acted with reasonable care for their own safety and were exercising reasonable care in the circumstances for their own safety.

24.    As a result of the negligence of the Defendant as aforesaid, the Plaintiffs were injured in

and about their bodies and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and/or unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise.  Plaintiff ASHLEY BOYD only suffered a loss of earnings and loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiffs shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiffs demand judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

## COUNT TWO-FAILURE TO WARN

25. Plaintiffs reaver and reallege paragraphs 1-14 as if set forth herein.

26. On or about December 20, 2019, the Plaintiffs were injured as a result of an allision between CARNIVAL GLORY and CARNIVAL LEGEND.

27. The allision between the two vessels happened slowly.  The GLORY was in the process of attempting to dock. The crash caught on numerous You Tube videos is slow but does cause physical damage to the ship.

28. The impending allision was well-known to Defendant before it actually occurred as well as the prevailing weather conditions and there was ample time to warn the Plaintiffs of the impending crash or the possibility of same due to weather conditions then prevailing.

29. Defendant failed to warn Plaintiffs of the impending allision and Plaintiffs were injured thereby.

30. Plaintiffs were in their cabin at the time of the incident and the danger was not open and obvious to them.

30. As a result of the negligence of the Defendant as aforesaid, the Plaintiffs were injured in and about their bodies and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and/or unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise.  Plaintiff ASHLEY BOYD suffered a loss of earnings and earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiffs shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiffs demand judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

DATED this 10th day of December, 2020.

> HOFFMAN LAW FIRM
> PAUL M. HOFFMAN, ESQ.
> 2881 East Oakland Park Boulevard
> Fort Lauderdale, FL 33306
> Telephone: (954) 707-5040
>
> */s//Paul M. Hoffman, Esq.*
> PAUL M. HOFFMAN
> Florida Bar No:   0279897